**HALLIBURTON COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 25684.

United States Court of Appeals
Fifth Circuit.

April 7, 1969.

Rehearing Denied May 21, 1969.

George E. Seay, Dallas, Tex., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Abigail Baskir, Atty., N.L.R.B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Glen M. Bendixsen, Atty., N. L. R. B., for respondent.

Before AINSWORTH and SIMPSON, Circuit Judges, and MITCHELL, District Judge.

PER CURIAM:

This case is before the Court upon the petition of Halliburton Company to review and set aside an order of the National Labor Relations Board.[1] The Board cross-petitions for enforcement of the order. The Board found that Halliburton violated Section 8(a) (1) of the National Labor Relations Act[2] by coercively interrogating employees concerning their union activities; promulgating for discriminatory reasons and disparately enforcing a no-solicitation and no-distribution rule; advising an employee that things would be "okay" if he ceased wearing his union button; reprimanding an employee for wearing a union emblem on his welding hood and threatening an employee with retaliation for having his foreman's name included in a list of supervisors whom the union had charged with unlawful interference.

The Board agreed with and adopted the Trial Examiner's finding that Halliburton violated Section 8(a) (1) and (3) of the Act by suspending and subsequently discharging employee Ford and by transferring employees Stevens, Evans, and Deaton to less desirable jobs. Contrary to the finding of the Examiner, the Board concluded that employee Edwards was also unlawfully discharged because of his union activities.

The Board's order requires Halliburton to cease and desist from the unfair labor practices found and from interfering with, restraining, or coercing its employees in the exercise of their statutory rights. Affirmatively, the order directs Halliburton to offer the discharged employees immediate and full reinstatement to their former positions and to restore the transferred employees to their former positions.

█ A perusal of the entire record shows substantial evidence to support the Board's findings that Halliburton violated Section 8(a) (3) and (1) of the Act. We realize that the Board's finding with regard to the dismissal of employee Edwards was contrary to the Examiner's finding. Upon review of an issue as to which the Board and the Examiner have disagreed, we cannot give the Examiner's findings more weight than in reason and light of judicial experience they merit. The "substantial evidence" standard is not modified in any way when the Board and its Examiner disagree. Universal Camera Corp. v. NLRB, 340 U.S. 474, 496, 71 S.Ct. 456, 95 L.Ed. 456 (1951); cf. Russell-Newman Mfg. Co. v. NLRB, 5 Cir. 1969, 407 F.2d 247 (No. 25401, January 24, 1969). Thus, in the instant case the fact that the Board and the Examiner reached varying conclusions with regard to the motivating factor behind employee Edwards' discharge does not change the criterion the Court must follow in reviewing the Board's decision. See NLRB v. Dell, 5 Cir. 1960, 283 F.2d 733, 739. It should be emphasized further that the Board did not upset credibility determinations of the Examiner. It simply drew different inferences from factual findings in no way disturbed. The record fairly permits the Board's conclusion that anti-union motivation lay behind Edwards' discharge.

The Board's order is based upon findings of fact supported by substantial evidence in the record. It is ordered

Enforced.

1. The Board's decision and order are reported at 168 N.L.R.B. 149.

2. 29 U.S.C., Secs. 151 et seq.